UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHIEFTAIN STEEL, LLC, *et al.* | ) | CASE NO. 16-10407(1)(11) |
| | ) | |
| Debtors | ) | |
| | ) | |
| MARK LITTLE, NOT INDIVIDUALLY, BUT IN | ) | |
| HIS CAPACITY AS THE LIQUIDATING | ) | |
| TRUSTEE OF THE CHIEFTAIN LIQUIDATING | ) | |
| TRUST | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | A.P. CASE NO. 18-01044 |
| | ) | |
| MIURA STEEL GROUP, INC. | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM-OPINION-ORDER**

This matter is before the Court on a Motion for Summary Judgment of Defendant Miura Steel Group, Inc. ("Miura") against Plaintiff Mark Little, in His Capacity as the Liquidating Trustee of the Chieftain Steel, LLC, *et al* ("Trustee").  The Court considered Miura's Motion for Summary Judgment, the Response of the Trustee, the Reply of Miura to the Trustee's Response and the Filing of Supplemental Authority by Miura.  For the following reasons, the Court will **DENY** Miura's Motion for Summary Judgment.

## LEGAL ANALYSIS

The Trustee instituted this adversary proceeding against Miura asserting claims to avoid several post-petition transfers pursuant to 11 U.S.C. §§ 547, 548 and 549 of the United States Bankruptcy Code, to disallow administrative expense claims of Miura under 11 U.S.C. § 502(d) and to recover the property transferred to Miura pursuant to 11 U.S.C. § 550. In response to these claims, Miura filed a Motion for Summary Judgment contending it is entitled to summary judgment as a matter of law on each claim of the Trustee's Complaint because its allowed "Ordinary Course Administrative Claim" in the amount of $613,565.32 is a complete post-petition setoff defense to the Trustee's claims in which he seeks to avoid three transfers from the Debtor to Miura of $95,394.43.

The Court has thoroughly reviewed the parties memoranda of law in support of and against entry of the requested summary judgment. The Court acknowledges that there is a split in authority regarding the applicability of 11 U.S.C. § 502(d) regarding disallowance of allowed administrative expense requests, *see*, *i.e.*, *In re Ames Dept. Stores, Inc.*, 582 F.3d 422, 431 (2d Cir. 2009), and those cases cited by Miura in its Memorandum of Law in Support of its Motion for Summary Judgment at p. 7, and *In re MicroAge, Inc.*, 291 B.R. 503, 508-12 (B.A.P. 9th Cir. 2002), cited by the Trustee.

In this case, the Debtor's Amended Plan of Reorganization was confirmed on May 24, 2017 with the effective date of June 7, 2017.

On June 6, 2018, Miura filed a Motion for Allowance of $613,565.32 "Ordinary Course Administrative Claim," within the meaning of Section 1.61 of the confirmed Second Amended Joint Plan of Reorganization. There were no objections to the Motion and on June 26, 2018, the Court entered an Order granting Miura's Request for Allowed Ordinary Course Administrative Claim of

$613,565.32. Under paragraph 3.01 of the Second Amended Plan, entitled "Ordinary Course Administrative Expense Claims," the Plan states:

> Allowed Ordinary Course Administrative shall be assumed, paid and performed by the Reorganized Debtor in the ordinary course of business in accordance with the terms of any agreements governing instruments evidencing, or other documents relating to such transaction. The holders of the Allowed Ordinary Course Administrative Claims shall not be required to file an Administrative Claim Request.

*See*, p. 17 of ¶ 3.01 of Second Amended Plan, Dkt. 253 in the main case, Case No. 16-10407.

The Trustee seeks, by way of his Complaint, to avoid $95,394.43 of transfers from the Debtors to Miura through three post-petition checks for pre-petition obligations. Miura indicated in its Motion for Allowance of its $613,565.32 "Ordinary Course Administrative Claim" that Miura shipped $624,565.32 of goods to Chieftain during the bankruptcy but before entry of the Confirmation Order. Miura, however, was only paid $11,000 for these goods leaving the balance of $613,565.32 as its allowed administrative ordinary course expense claim.

The Amended Plan, also reserved for the Trustee, on behalf of the Reorganized Debtor, all causes of action and avoidance actions arising under 11 U.S.C. §§ 549 and 550 of the United States Bankruptcy Code.

At this juncture, the Court finds that it is premature to enter summary judgment as a matter of law on Miura's defenses of setoff, as well as the applicability of the Trustee's claim on disallowance of Miura's allowed administrative claims under 11 U.S.C. § 502(d). The Court must deny Miura's Motion for Summary Judgment until the Trustee has had an adequate opportunity to pursue his claims asserted in the Complaint. If the Trustee is successful on the avoidance claims under Sections 547, 549 and 550, then the Court may determine whether Miura may assert its defenses of setoff as well as whether the Trustee may disallow the claim under 11 U.S.C. § 502(d).

*See*, *In re Smith Mining and Material, LLC*, 405 B.R. 589, 596-97 (Bankr. W.D. Ky. 2009). The Court does not have sufficient facts to rule as a matter of law in either party's favor at this point in the proceeding. Therefore, Miura's Motion for Summary Judgment must be **DENIED**.

## CONCLUSION

For all of the above reasons, the Motion for Summary Judgment of Defendant Miura Steel Group, Inc., be and hereby is **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 29, 2019